**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 22 2011 ★
BROOKLYN OFFICE

------------------------------------X
SUNG K. BAE, HYUN S. PARK, GUN
D. YOO, and JEONG J. LEE,

    Plaintiffs,

vs.

HWAN K. KIM, JEUNG S. LEE,
SARANGBANG TWO CORP., SOL
BAWOO KOREAN RESTAURANT, and
NEW YORK CHINESE RESTAURANT,

    Defendants.
------------------------------------X

CV11-6240

COMPLAINT

JURY TRIAL DEMANDED

AZRACK, M.J.

  Plaintiffs Sung K. Bae, Hyun S. Park, Gun D. Yoo, and Jeong J. Lee, by their attorneys, state the following for the Complaint against Hwan K. Kim, Jeung S. Lee, SarangBang Two Corp., New York Chinese Restaurant, and Sol Bawoo Korean Restaurant.

## PRELIMINARY STATEMENT

  1. Plaintiffs bring this action against Defendants for unpaid wages, damages, and other relief resulting from Defendants' violations of federal and state labor laws.

  2. Plaintiffs, four former employees of Defendants, bring this action to collect the wages owed to them. Defendants repeatedly failed to pay Plaintiffs the wages due to them.

## JURISDICTION AND VENUE

  3. This Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216. In addition, this Court has supplemental jurisdiction over Plaintiffs' state and city law claims under 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b) because the events and omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiffs*

5. Plaintiff Sung K. Bae was employed by Defendants as a cook from approximately May 2010 to approximately August 2010.

6. Plaintiff Hyun S. Park was employed by Defendants as a waitress from approximately August 2006 to approximately October 2010. Ms. Park also assumed some cooking duties as well.

7. Plaintiff Gun D. Yoo was employed by Defendants as a cook from approximately May 2010 to approximately August 2010.

8. Plaintiff Jeong J. Lee was employed by Defendants as a cook from approximately December 2003 to approximately January 2010.

### *Defendants*

9. Upon information and belief, Sol Bawoo Korean Restaurant was a restaurant operated by Jeung S. Lee and Hwan K. Kim at 149-44 41st Avenue, Flushing, NY 11355 until approximately May 2010.

10. Upon information and belief, New York Chinese Restaurant was a restaurant operated by Jeung S. Lee and Hwan K. Kim at 149-44 41st Avenue, Flushing, NY 11355 from approximately May 2010 to approximately November 2010. Subsequently, the restaurant operated under the name SarangBang.

11. Upon information and belief, Defendant SarangBang Two Corp. is a corporation organized and existing under the law of the State of New York, with a principal place of business at 149-44 41st Avenue, Flushing, NY 11355.

12. Upon information and belief, Defendants Jeung S. Lee and Hwan K. Kim are the owners of SarangBang Two Corp. Upon information and belief, and at all times relevant to this action, Jeung S. Lee and Hwan K. Kim have been involved in the operation and management of SarangBang Two Corp. and have had the authority to hire and fire Plaintiffs, determine wages, pay wages, and control the terms and conditions of Plaintiffs' employment.

13. Upon information and belief, Defendant SarangBang Two Corp. is an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act ("FLSA") in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that it had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (ii) had an annual gross volume of sales of not less than $500,000.

## FACTUAL ALLEGATIONS

14. At all times relevant to this action, the primary business of Defendants was the sale of food for consumption on the premises. Defendants' restaurants provided a seating area with tables and chairs for customers to consume food on the premises.

15. Plaintiffs Sung K. Bae, Gun D. Yoo, and Jeong J. Lee held the position of cook while employed by Defendants. Their duties primarily included preparing food orders from restaurant patrons.

16. Plaintiff Hyun S. Park held the position of waitress while employed by Defendants. Her duties primarily included taking orders from restaurant patrons and serving them their food. She occasionally assumed some cooking duties as well.

17. At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of FLSA, 29 U.S.C. § 203(e), and New York Labor Law §§ 190(2) and 615(5).

18. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of FLSA and New York Labor Law.

## *Plaintiffs' Wages and Hours*

19. Defendants did not compensate Plaintiffs for each hour that they worked as required by law.

20. FLSA, 29 U.S.C. § 206(a), mandates that all employees be paid a minimum wage. The precise minimum wage set by federal law was at least $5.15 per hour prior to July 24, 2007; $5.85 per hour from July 24, 2007 to July 23, 2008; $6.55 per hour from July 24, 2008 to July 23, 2009; and $7.25 per hour from July 24, 2009 to the present.

21. New York Labor Law § 652 mandates that all employees be paid a minimum wage. The precise minimum wage set by state law was at least $6.00 per hour prior to December 31, 2005; $6.75 per hour between January 1, 2006 and December 31, 2006; $7.15 per hour between January 1, 2007 and July 23, 2009; and $7.25 per hour from July 24, 2009 to the present.

22. Plaintiff Sung K. Bae generally worked 69 hours per week over six days per week during the course of his employment.

23. Mr. Bae's agreed payment rate was $800 per week for the first month of employment, and then $1,000 per week after the first month.

24. From approximately May 2010 to June 2010, Defendants did not pay Plaintiff Sung K. Bae the agreed-upon wages owed to him. From approximately June 2010 to August 2010, Defendants did not pay Plaintiff Sung K. Bae at all. Defendants have still never paid Plaintiff Sung K. Bae the amount he is due.

25. Plaintiff Hyun S. Park generally worked 60 hours per week over five days per week during the course of her employment.

26. Ms. Park's agreed payment rate was $50 per day. After six months, Ms. Park's agreed payment rate was increased to $55 per day.

27. From approximately August 2006 to June 2010, Defendants did not pay Plaintiff Hyun S. Park the agreed-upon wages owed to her. From approximately June 2010 to October 2010, Defendants did not pay Plaintiff Hyun S. Park at all. Defendants have still never paid Plaintiff Hyun S. Park the amount she is due.

28. Plaintiff Gun D. Yoo often worked six or seven days per week during the course of his employment, sometimes working as many as 96 hours per week.

29. Mr. Yoo's agreed payment rate was $1,500 per week.

30. Defendants never paid Plaintiff Gun D. Yoo at all during the course of his employment, and have still never paid him the agreed-upon wages he is due.

31. Plaintiff Jeong J. Lee generally worked 69 hours per week over six days per week during the course of her employment.

32. Ms. Lee's agreed payment rate was initially $600 per week. Ms. Lee's agreed payment rate increased to $650 per week in or about December 2005, increased to $700 per week in or about December 2006, and then increased to $750 per week in or about December 2007.

33. From approximately December 2003 to August 2009, Defendants did not pay Plaintiff Jeong J. Lee the agreed-upon wages owed to her. From approximately August 2009 to January 2010, Defendants did not pay her anything at all. Defendants have still never paid Plaintiff Jeong J. Lee the amount she is due.

34. Defendants failed to pay all Plaintiffs overtime premiums at a rate of one and one-half times their regular hourly rate for hours worked in excess of forty hours per week.

35. All Plaintiffs regularly worked a "spread of hours" that exceeded ten hours per work day, one or more days per week. The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day.

36. Defendants failed to pay all Plaintiffs an extra hour's pay at the minimum wage ("spread-of-hours wages") for each day Plaintiffs worked a spread of hours of more than ten hours per day.

37. Upon information and belief, Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employees' right to receive the minimum wage and overtime pay as required under FLSA and New York Labor Law.

38. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

39. Defendants committed all of the acts and omissions alleged herein willfully.

40. All actions and omissions alleged herein were undertaken by Defendants either directly and/or through their agents.

## CAUSES OF ACTION

### COUNT I: Federal Minimum Wage Violation

41. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

42. Defendants willfully failed to compensate Plaintiffs the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a).

43. Defendants' violations of FLSA, as described in this Complaint, were willful and intentional.

44. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages plus an equal amount as liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

### COUNT II: Claim for Minimum Wages under New York Labor Law

45. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

46. Defendants willfully failed to compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652 and applicable regulations.

47. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages plus an amount equal to one quarter of their unpaid minimum wages as liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

### COUNT III: Overtime Compensation under the Federal Labor Standards Act

48. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

49. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of one and one-half times their regular rate of pay or, at a minimum, the minimum wage to which Plaintiffs were entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).

50. Defendants' violations of FLSA as described in this Complaint were willful and intentional.

51. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages plus an equal amount as liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

### COUNT IV: Overtime Compensation under New York Labor Law

52. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

53. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of one and one-half times their regular rate of pay or, at a minimum, the minimum wage to which Plaintiffs were entitled to receive under New York Labor Law § 652, in violation of New York Labor Law § 190 et seq. and 12 N.Y.C.R.R. § 137-1.3.

54. Due to Defendants' violations of New York Labor Law (Overtime Compensation), Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages plus an amount equal to one quarter of their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of the action, and interest, all in an amount to be determined at trial.

### COUNT V: Spread of Hours Compensation under New York Labor Law

55. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

56. Defendants had full knowledge that Plaintiffs regularly worked a spread of hours of more than ten hours per day, and Defendants willfully failed to pay the required additional compensation for any such days.

57. Due to Defendants' violations of New York Labor Law (Spread of Hours), Plaintiffs are entitled to recover from Defendants, jointly and severally, all spread-of-hours wages for each day in which a Plaintiff had a spread of hours in excess of ten hours, liquidated damages in an amount equal to 25% of the total amount of wages owed to each Plaintiff, reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully request that judgment be granted as follows:

a) Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under FLSA, New York Minimum Wage Act, New York Labor Law and its regulations, New York State Executive Law, and New York City Human Rights Law;

b) Awarding Plaintiffs money damages for unpaid wage claims to be determined at trial, but believed to be not less than $128,922.20, on account of

   a. Plaintiffs' unpaid minimum wages due under FLSA, the New York Minimum Wage Act, and New York Labor Law and its regulations;

   b. Plaintiffs' unpaid overtime wages due under FLSA and New York Labor Law and its regulations;

   c. Plaintiffs' additional pay for all spread of hours violations; and

   d. Plaintiffs' unpaid backpay;

c) Awarding Plaintiffs liquidated damages in an amount to be determined at trial, but believed to be not less than $122,231.25;

d) Awarding Plaintiffs punitive damages;

e) Awarding Plaintiffs pre-judgment and post-judgment interest;

f) Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

g) Awarding such other and further relief as this Court deems necessary and proper.

Dated: December 22, 2011

DEWEY & LEBOEUF LLP

By: _____
Alan B. Howard
Gassan A. Baloul
James J. Reardon
1301 Avenue of the Americas
New York, New York 10019
Tel: 212-259-8000
Fax: 212-259-6333

*Attorneys for Plaintiffs*